# United States District Court

### for the

# District of Alaska

**Supplemental Petition for Warrant or Summons for Offender Under Supervised Release**

Name of Offender: Jonathan Merrill                    Case Number: A04CR0060

Sentencing Judicial Officer:      John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:      October 13, 2004

Original Offense:      Counterfeiting, 18 USC 471

Original Sentence:      15 months custody and 3 years supervised release; mental health treatment; search/seizure

Date Supervision Commenced:      November 14, 2005

Asst. U.S. Attorney: Retta Randall      Defense Attorney: M.J. Haden

---

### PETITIONING THE COURT

[X]   To issue a warrant (Warrant already issued on January 19, 2006)
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 4 | The defendant has violated the Standard Condition of Supervision "The defendant shall report to the probation officer," in that the defendant has absconded from supervision since January 19, 2006.  This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

         [X]   Revoked
         [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

Michael Pentangelo
Senior U.S. Probation Officer
Date: January 31, 2006

Approved by:



_____
Eric D. Odegard
Supervising U.S. Probation Officer


## THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[  ]  The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[  ]  Other:

_____
John W. Sedwick
Chief U.S. District Court Judge

2 / 1 / 06
_____
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.



# United States District Court

for the

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case Number: A04CR0060 |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | SUPPLEMENT |
| | ) | |
| Jonathan Merrill | ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Jonathan Merrill, and in that capacity declare as follows:

On January 19, 2006, a Petition to Revoke Supervised Release was submitted to the Court alleging 3 violations of supervised release; to wit, possession of marijuana; possession of drug paraphernalia; and use of a controlled substance (cocaine). A warrant was issued on January 19, 2006.

The defendant was scheduled to report to the probation officer on January 19, 2006 for drug testing. The defendant failed to report to the probation officer as required. The defendant effectively absconded from supervision after learning that there was a warrant for his arrest. The defendant learned of the warrant from a neighbor whom the United States Marshals Service had contacted during the course of attempting to execute the arrest warrant on January 19, 2006. The defendant contacted the probation officer by telephone and acknowledged the warrant for his arrest. The probation officer instructed the defendant to report this date as required and he failed to do so. The defendant has failed to contact the probation officer, failed to report for urinalysis as required, and has failed to attend mental health/substance abuse treatment since January 19, 2006.

Executed this 31st day of January, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Michael Pentangelo
Senior U.S. Probation Officer